UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD DEL RIO | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | |
| | * | MAGISTRATE NO.: |
| HELIX ENERGY SOLUTIONS GROUP, INC. | * | |
| | * | |
| | * | SECTION NO.: |

*****************************************************************************

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Richard Del Rio, who alleges upon information and belief as follows:

1.

Made defendant in this action is:

A. Helix Energy Solutions Group, Inc., whose domicile address is 405 Second Avenue, South, Minneapolis, MN 55401 and registered agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2.

Plaintiff brings this action pursuant to the Jones Act, 46 U.S.C.A. §30104, and the General Maritime Law, for the injuries sustained by Richard Del Rio, in the course of his employment as a seaman.

3.

This court has jurisdiction on actions arising under the Jones Act and 28 USCA §1333. Venue is proper in this district pursuant to 28 U.S.C.A. §1391.

4.

Plaintiff hereby demands a jury trial on all issues pursuant to his statutory right to a jury

under the Jones Act.

5.

Plaintiff is informed and believes and thereon alleges that at all times pertinent herein, defendant, Helix Energy Solutions Group, Inc., owned and operated the DP3 Modu Well Intervention Semisubmersible Vessel Q4000 ("M/V Q4000").

6.

At all times pertinent herein, defendant employed Plaintiff as a roughneck on their vessel, M/V Q4000, operating in the Gulf of Mexico off the coast of Louisiana.

7.

On or about June 18, 2021, Plaintiff sustained an injury to his thumb while in the course and scope of his employment on the M/V Q4000.

8.

On or about June 20, 2021, Plaintiff sought medical treatment aboard the M/V Q4000 for the injuries he sustained to his thumb, and Plaintiff sought this treatment at the medic's office located on the M/V Q4000.

9.

In the medic's office on the M/V Q4000, a medic attempted to treat Plaintiff's injuries to his thumb. The medic failed to properly treat Plaintiff's thumb injury and greatly exacerbated Plaintiff's injury.

10.

Plaintiff was in the course and scope of his employment on board the M/V Q4000 when he sustained his injuries.

11.

Due to his injuries sustained aboard the M/V Q4000 and the medic's actions, Plaintiff was required to seek treatment from an infectious disease specialist and eventually had to undergo surgery on his right thumb.

12.

Plaintiff's injuries limit him physically and preclude him from returning to work.

13.

Plaintiff also suffers mental injuries and had to seek treatment from a psychologist due to the injuries sustained, his inability to return to work, and his inability to provide for his family.

14.

Plaintiff's injuries are the direct and proximate result of the negligence of defendant, Plaintiff's supervisors, co-workers, defendant's agents, and the captain aboard the M/V Q4000.

15.

Plaintiff in no way caused or contributed to cause the incident complained of herein, nor the resultant damages, and in fact, had no reasonable opportunity to avoid same.

**FOR A FIRST CAUSE OF ACTION – DAMAGES FOR PAIN AND SUFFERING OF A SEAMAN UNDER THE JONES ACT, 46 U.S.C.A. §30104**

16.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 15, inclusive, as if set forth in full.

17.

The Plaintiff's injuries were proximately caused by each of the following negligent acts and/or omissions of defendant, Helix Energy Solutions Group, Inc.:

(a) Breach of legally imposed duty of reasonable care resulting in the incident and injuries referred to herein;

(b) Failure to provide a reasonably safe place to work, resulting in the incident and injuries referred to herein;

(c) Failure to provide a seaworthy vessel, of which defendant had knowledge prior to and at the time of the incident;

(d) Negligence of defendant's agents, resulting in the incident and injuries referred to herein, including, but not limited to, the failure to provide adequate medical care;

(e) Failure to supervise employees and agents properly which resulted in the incident and plaintiff's injuries;

(f) Other acts and/or omissions of negligence which may be introduced at the trial of this matter.

18.

A cause of plaintiff's damages was the negligence of Helix Energy Solutions Group, Inc. in failing to provide timely, appropriate, and prompt medical care to plaintiff in response to his symptoms and injuries.

19.

Plaintiff alleges that each of the acts and omissions described hereinabove proximately caused him to suffer conscious pain and suffering.

20.

Plaintiff, Richard Del Rio, is entitled to recover for his pain and suffering in an amount according to proof.

**FOR A SECOND CAUSE OF ACTION- UNSEAWORTHINESS**

21.

Incorporated herein by this reference is each and every allegation contained in Paragraphs 1 through 20, inclusive, as if set forth in full.

22.

Pursuant to the General Maritime Law of the United States of America, the aforementioned defendant had the absolute and non-negligible duty to provide Plaintiff with a safe and seaworthy vessel, but failed to do so.

23.

More particularly, defendant provided an unseaworthy vessel in one or more of the following non-exclusive particulars:

(a) Failure to provide a seaworthy vessel;

(b) Failure to provide adequate procedures;

(c) Negligence of defendant's agents, resulting in the accident and injuries referred to herein;

(d) Failure to properly train crew, including medical personnel that treated Plaintiff's injuries;

(e) Failure to provide adequate medical care that caused and/or contributed to the injuries referred to herein; and

(f) Other instances of unseaworthiness that will be proven at trial.

**FOR A THIRD CAUSE OF ACTION – GENERAL MARITIME NEGLIGENCE**

24.

Plaintiff avers that defendant is liable to the plaintiff for the conduct of its agent and for

other acts of negligence as cited above, as well as, negligence and other liabilities pursuant to General Maritime Law and any other applicable laws for its non-delegable duty to provide maintenance in an amount that is reasonable in the premises and cure for all medical expenses incurred by complainant as a result of the injuries sustained in this accident.

25.

Plaintiff is informed and believes and thereon alleges that each of the acts and omissions of defendant described hereinabove proximately caused Plaintiff to suffer conscious pain and suffering, including, but not limited to:

(a) Past and future physical pain and suffering;

(b) Past and future mental anguish;

(c) Past and future emotional distress;

(d) Past and future lost wages;

(e) Past and future loss of earning capacity;

(f) And past medical expenses;

(g) As well as other general and special damages that are reasonable in the premises.

26.

Plaintiff is entitled to an award of maintenance and/or cure benefits.

27.

Plaintiff is entitled to an award of attorney fees and punitive damages for the arbitrary and capricious failure to provide maintenance and/or cure in the amount and manner legally required.

28.

As a direct and proximate result of the accidents, Plaintiff was rendered unfit for duty and

presently remains unfit and incapable of returning to full duty.

WHEREFORE, plaintiff, Richard Del Rio, an adult of the age of majority, prays that after due proceedings are had that there be judgment entered in his favor and against the defendant, Helix Energy Solutions Group, Inc., for special and general damages in an amount according to proof, for interest on all damages in the legal amount from the date of judicial demand, for maintenance and cure, for exemplary and punitive damages, and for all costs of these proceedings, as well as such other and further relief as the court may deem proper, in an amount that is reasonable in the premises.

        Respectfully submitted,

        _/s/ Timothy J. Falcon_
**Timothy J. Falcon, #16909**
Email: tim@falconlaw.com
**Jeremiah A. Sprague, #24885**
Email: jerry@falconlaw.com
**Jarrett S. Falcon, #34539**
Email: jarrett@falconlaw.com
**Brennan L. Falcon #39876**
Email: brennan@falconlaw.com
**Cameron J. Falcon #39877**
Email: cameron@falconlaw.com
**FALCON LAW FIRM, PLC**
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115
*Attorneys for Plaintiffs*

**PLEASE SERVE:**

Helix Energy Solutions Group, Inc.
C T Corporation System,
3867 Plaza Tower Dr.,
Baton Rouge, LA 70816